GENERAL DISTRICT COURT, FAIRFAX COUNTY, VIRGINIA

CIVIL ACTION

Case No._____

COMPLAINT- SMALL CLAIMS

John J. Buckshaw,

Plaintiff,

Vs.

Security Public Storage, 385 Spring Street, Herndon, Virginia,

Deputy Town Attorney, Herndon, Virginia,

Fairfax County Police,

Public Defender, and

Exit Bail Bonds,

Defendants.

Filed by the Plaintiff:

John J. Buckshaw, t/a,
John J. Buckshaw Agency
P.O. Box 18704
Washington, DC 20036
Tel. (202) 333-4300
Fax. (202) 876-2997
www.suas.20fr.com
advserv@outlook.com

STATEMENT OF THE CASE

The plaintiff seeks $25,000 damages to compensate for the following:

(a) wrongful detention of the plaintiff's IBM Lenovo Thinkpad T60 15" Widescreen laptop computer, software and data including 3,000 items in business and litigation by the police property and evidence section done by false statements of computer harassment respective to private and privileged communication in business, debt collection of $5,000 contract price paid to a facility to store company inventory (trade secrets, business clothes and shoes;

(b) abuse of process and five warrants charging computer harassment  evidencing harm to reputation  for the purpose of aiding and abetting willful failure to compromise and settle a claim for damages against Security Public Storage to compensate for a breach of contract, unfair trade practices and tortious interference with business, contracts and prospective economic gain and subsequent illegal interception, disclosure and use of privileged electronic communication respective to business, debt collection and litigation of failure to act and obtain restitution of $5,000 contract price paid for rent at a self storage facility. The plaintiff used said facility for a company warehouse from 2004 through 2008 when the defendants instituted an illegal lien and public sale, the consumer protection offices and the deputy town attorney in Herndon, Virginia failed to act and is responsible for obtaining said restitution of $5,000 contract price for relief from simulation of notices of a lien and public sale and from unfair trade practices done by fraudulent and deceptive misrepresentations,

The operator at Security Public Storage acted with willful intent to harass the plaintiff and simulated notices of a lien and held a public sale of the plaintiff's property including trade secrets, inventory, equipment, business clothes and shoes for which the plaintiff demands $5,000 damages. The operators harassed the plaintiff with statements of that the defendant sold everything for $25 and are continuing to collect $248 and said that there was nothing in the unit except for some old newspapers and garbage with willful intent to harm the plaintiff's reputation in business. The operators of the plaintiff's company warehouse harassed the plaintiff on the telephone and said "cry baby" and another operator said that she would give the plaintiff his money ($5,000) back with knowledge of the property being a personal investment in a company and seriously suggested she had the plaintiff's property and would be the owner and that the plaintiff work for her.

Security Public Storage falsely summoned the police and acted with willful intent to provoke the plaintiff and then abused process in 2011 with accusations of telephone language and caused false imprisonment and wrongful conviction.

The defendants are acting in combination with willful intent to harass the plaintiff with names that the plaintiff never used nor never heard on the warrants and anti competitive criminal record reports on the internet.

The defendants, Herndon, Virginia, deputy town attorney, are responsible to prosecute the actors and failed to prosecute the storage company and to the contrary abused process in 2011 with accusations of telephone language with willful intent to coerce the plaintiff from continuing to calls and demand payment of claims and to aid and abet wrongful detention of property for which the plaintiff demands $5,000 damages.

The public defender was negligent at the bail bond hearing and gave false information of the plaintiff's criminal record history instead of the reports being from the court services or other wise not used to determine bail and misrepresented the plaintiff as being mentally ill and homeless and wrongfully caused the court to issue $5,000 secured bail instead of the plaintiff being release on his own recognizance for which the plaintiff demands the required injunctive relief and damages.

The bail bonds man breached the contract to deposit personal property and to pay to the plaintiff a reasonable overage after compromise and settlement of a commercial tort claim against Fairfax County and breached the contract to refund the money paid for bail bond ($375) after the plaintiff pledged personal property for the $5,000 secured bail for which the plaintiff demands damages $1,000 damages.

## ALLEGATION OF JURISDICTION

**Code of Virginia, Section 18.2-499.** Combinations to injure others in their reputation, trade, business or profession…shall be jointly and severally guilty of a Class 1 misdemeanor. Such punishment shall be in addition to any civil relief recoverable under Section 18.2-500.

**Code of Virginia, Section 18.2-500.** Same; civil relief; damages and counsel fees; injunctions…Any person who shall be injured in his business reputation, trade, business or profession by reason of a violation of Section 18.2-499, may sue therefore and recover three-fold the damages by him sustained, and the costs of suit, including a reasonable fee to plaintiff's counsel, and without limiting the generality of the term, "damages" shall include loss of profits. B. Whenever a person shall duly file a civil action in the circuit court of any county or city against any person alleging violations of the provisions of Section 18.2-499…

**Code of Virginia, Section 59.1-9.1. Short title.**

This chapter may be known and cited as the "Virginia Antitrust Act."

**Code of Virginia, Section 19.2-62. Interception, disclosure, etc., of wire, electronic or oral communications unlawful; penalties; exceptions.**

A. Except as otherwise specifically provided in this chapter any person who:

1. Intentionally intercepts, endeavors to intercept or procures any other person to intercept or endeavor to intercept, any wire, electronic or oral communication;
2. Intentionally uses, endeavors to use, or procures any other person to use or endeavor to use any electronic, mechanical or other device to intercept any oral communication;
3. Intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, electronic or oral communication knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication; or
4. Intentionally uses, or endeavors to use, the contents of any wire, electronic or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication; shall be guilty of a Class 6 felony.

**Code of Virginia, Section 19.2-65**. **When intercepted communications and evidence derived therefrom not to be received in evidence.**
Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing or other proceeding in or before any court, grand jury, department, officer, commission, regulatory body, legislative committee or other agency of this Commonwealth or a political subdivision thereof if the disclosure of that information would be in violation of this chapter.

**Code of Virginia, Section 19.2-67. Disclosure of information obtained by authorized means.**

A. Any investigative or law-enforcement officer, or police officer of a county or city, who, by any means authorized by this chapter, has obtained knowledge of the contents of any wire, electronic or oral communication, or evidence derived therefrom, may disclose such contents to another investigative or law-enforcement officer, or police officer of a county or city, to the extent that such disclosure is appropriate to the proper performance of the official duties of the officer making or receiving the disclosure.

B. Any investigative or law-enforcement officer or police officer of a county or city, who, by any means authorized by this chapter, has obtained knowledge of the contents of any wire, electronic or oral communication or evidence derived therefrom may use such contents to the extent such use is appropriate to the proper performance of his official duties.

C. Any person who has received, by any means authorized by this chapter, any information concerning a wire, electronic or oral communication, or evidence derived therefrom intercepted in accordance with the provisions of this chapter may disclose the contents of that communication or such derivative evidence while giving testimony under oath or affirmation in any criminal proceeding for an offense specified in § 19.2-66, or any conspiracy or attempt to commit the same, in any court of the United States or of any state or in any federal or state grand jury proceeding.

D. No wire, electronic or oral communication which is a privileged communication between the parties to the conversation which is intercepted in accordance with, or in violation of, the provisions of this chapter shall lose its privileged character, nor shall it be disclosed or used in any way.

**WHEREAS, the electronic communication is privileged communication between the parties in the aggrieved party's business, debt collection and litigation.**

E. When an investigative or law-enforcement officer, or police officer of a county or city, while engaged in intercepting wire, electronic or oral communications in the manner authorized herein, or observing or monitoring such interception intercepts, observes or monitors wire, electronic or oral communications relating to offenses other than those specified in the order of authorization, the contents thereof, and evidence derived therefrom, shall not be disclosed or used as provided in subsections A, B and C of this section, unless such communications or derivative evidence relates to a felony, in which case use or disclosure may be made as provided in subsections A, B and C of this section. Such use and disclosure pursuant to subsection C of this section shall be permitted only when approved by a judge of competent jurisdiction where such judge finds, on subsequent application, that such communications were otherwise intercepted in accordance with the provisions of this chapter. Violations of this subsection E shall be punishable as provided in § 19.2-62.

**WHEREAS, the evidence does not relate to a felony, computer harassment is a misdemeanor.**

**Code of Virginia, Section 19.2-69**. Civil action for unlawful interception, disclosure or use
Any person whose wire, electronic or oral communication is intercepted, disclosed or used in violation of this chapter shall (i) have a civil cause of action against any person who intercepts, discloses or uses, or procures any other person to intercept, disclose or use such communications, and (ii) be entitled to recover from any such person:
1. Actual damages but not less than liquidated damages computed at the rate of $400 a day for each day of violation or $4,000, whichever is higher…
2. Punitive damages; and
3. A reasonable attorney's fee and other litigation costs reasonably incurred.

COUNT ONE

John J. Buckshaw, pro-se,

Plaintiff,

Vs.

Security Public Storage,

Defendant.

BREACH OF CONTRACT

1. The plaintiff is an a executive director of a corporation de facto for the purpose of promotional products, advertising specialties, novelties, souvenirs and general advertising sales and maintains a warehouse in the District of Columbia and receives U.S. mail at P.O. Box 18704, Washington, DC 20036 and is transient in said business and litigation of restraint of trade with going concerns and prospective competition over several states.

2. The defendant is a corporation for the purpose of self storage facilities located at 55 Federal Street, San Francisco, California and operates locations in Bethesda, Maryland and in Herndon, Virginia, the location of the regional manager.

3. On or about March 10, 2004, the plaintiff and defendant entered into a contract agreement of a self storage unit and the plaintiff took possession of the unit and paid monthly rent with late fees each month. On or about February 27, 2008, the defendant instituted a lien without the required 60 days in default of rent payments.

4. In March, the plaintiff sought to pay the rent late as always with late fees and the defendant said that he sold the property which the plaintiff had progressively compiled since 2002.

**WHEREFORE,** the plaintiff demands $5,000 actual damages to compensate for harm to the plaintiff's reputation in business.

COUNT TWO

John J. Buckshaw, pro-se,

Plaintiff,

Vs.

Deputy Town Attorney, Herndon, Virginia,

Defendant.

FAILURE TO ACT

5. The plaintiff incorporates by reference the allegations contained in the foregoing paragraphs 1 through 4 as though set forth at length hereinafter.

6. The defendant is responsible for prosecuting crimes in Herndon, Virginia.

7. In 2010, the plaintiff left a criminal complaint with the defendant's office in Arlington, Virginia for relief from (a) unfair trade practices done by fraudulent and deceptive misrepresentations of storing old newspapers and garbage, 60 days in default of payment of rent were actually 53 days in default in payment of rent and being mentally ill and statements from the storage facility operator of to "go take your meds"…(b) simulation of notices, (c) theft of trade secrets, and (d) harm to the plaintiff's reputation in business.

8. That from 2010 through the present time, the defendant is failing to act and obtain restitution of the $5,000 contract price and damages as a result of unfair and deceptive trade practices.

**WHEREFORE,** the plaintiff demands $5,000 damages against the defendant to compensate for failure to act and demands the required injunctive relief from acts done to aid and abet the foregoing including to quash warrants and restitution of a laptop computer.

COUNT THREE

John J. Buckshaw, pro-se,

Plaintiff,

Vs.

Deputy Town Attorney, Herndon, Virginia,

Defendant.

ABUSE OF PROCESS

9. The plaintiff incorporates by reference the allegations contained in the foregoing paragraphs 1 through 8 as though set forth at length hereinafter.

10. On or about March 3, 2011, in Fairfax County, Virginia, the defendant acted with willful intent to aid and abet harassment of the plaintiff and abused process with accusations of telephone language to demand payment of the foregoing claim and with willful intent to coerce the plaintiff from continuing to call and demand payment under duress of imprisonment and by and through the designated agents, representatives, officers and employees of the defendant sworn out an arrest warrant charging said telephone language.

11. On or about March 5, 2011, the plaintiff had been falsely imprisoned and had been wrongfully convicted on July 13, 2011 of said telephone language.

**WHEREFORE**, the plaintiff demands $5,000 damages to compensate for said abuse of process and demands the required injunctive relief and dismissal of the prosecution and discharge of the conviction.

COUNT FOUR

John J. Buckshaw, pro-se,

Plaintiff,

Vs.

Fairfax County Police, Virginia,

Defendants.

ABUSE OF PROCESS

12. The plaintiff incorporates by reference the allegations contained in the foregoing paragraphs 1 though 11 as though set forth at length hereinafter.

13. The defendant is the Fairfax County, Virginia, police department and detectives.

14. On or about March 16, 2016, in Fairfax County, Virginia, the defendant acted with willful intent to aid and abet the foregoing harassment of the plaintiff and abused process with accusations of five counts of computer harassment respective to privileged electronic communication in business, debt collection and litigation of the foregoing breach of contract and failure to act.

15. The foregoing caused damages as a result of false imprisonment on March 10, 2018 through March 20, 2018.

**WHEREFORE**, the plaintiff demands $5,000 damages against the defendant and the required injunctive relief as attached hereto and pre trail motion to dismiss defective proceedings with prejudice and restitution of the plaintiff's IBM Lenovo Thinkpad T60 15" wide screen laptop computer, software and data.

COUNT FIVE

John J. Buckshaw, pro-se,

Plaintiff,

Vs.

Exit Bail Bonds,

Defendant.

BREACH OF CONTRACT

16. The plaintiff incorporates by reference the allegations contained in the foregoing paragraphs 1 through 15 as though set forth at length hereinafter.

17. On or about March 20, 2018, in Fairfax County, Virginia, the plaintiff and defendant entered into a contract agreement for $5,000 secured bail bond.

18. The defendant is in breach of the agreement to deposit personal property which was pledged by the plaintiff, to compromise and settle a commercial tort claim against Fairfax County and pay to the plaintiff a reasonable overage of the settlement and breached the agreement to refund the $375 after the plaintiff's pledging personal property for the bail bond.

**WHEREFORE**, the plaintiff demands $5,000 damages against the defendant to compensate for said breach of contract.

Dated: August 30, 2020                    _John J. Buckshaw_____

                                          John J. Buckshaw